IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WELCH,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:20-CR-250-2-TWT |

**ORDER**

This is a criminal action. It is before the Court on the pro se Defendant's Motion to Vacate Sentence [Doc. 170]. On July 8, 2020, a federal grand jury indicted Mr. Welch, charging him with the following three counts related to an armed robbery that occurred on January 25, 2018: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Four); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Five). Count Five, the brandishing count that Mr. Welch now challenges, specifically alleged that Mr. Welch brandished a firearm during and in relation to the following crime of violence: the "robbery, in violation of Title 18, United States Code, Section 1951, as alleged in Count Four of this Indictment."

On November 10, 2021, Mr. Welch pled guilty to Counts One (the conspiracy charge) and Five (the § 924(c) brandishing charge). Although Mr. Welch did not plead guilty to Count Four (the substantive Hobbs Act robbery charge), he was advised at the plea hearing that in order for him to be convicted of the § 924(c) brandishing charge in Count Five, the Government had to establish that (1) "the Defendant committed the violent crime, that is, the Hobbs Act robbery charged in Count Four of the Indictment;" and (2) "during and in relation to that crime, the Defendant knowingly used or carried and brandished a firearm as charged in the Indictment." To establish a factual basis for Mr. Welch's guilty plea, the Government proffered that had the case gone to trial, the evidence would have established not just that Mr. Welch conspired to commit a Hobbs Act robbery, but also that Mr. Welch aided and abetted the brandishing of a firearm during and in relation to a completed Hobbs Act robbery. Mr. Welch admitted the factual basis without dispute. In his plea agreement, Mr. Welch waived his right to appeal or collaterally attack his conviction and sentence, except on limited grounds that do not apply here. On February 16, 2022, this Court sentenced Mr. Welch to 108 months of imprisonment and advised him that he had 14 days to file any notice of appeal. Mr. Welch did not file a notice of appeal, and his conviction thus became final on March 2, 2022.

In his Motion to Vacate, Mr. Welch collaterally attacks his conviction under § 924(c) for brandishing a firearm during a crime of violence on only one ground, arguing that under *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019), his conviction for Hobbs Act conspiracy does not qualify as a "crime of violence." But Mr. Welch's collateral attack under § 2255 fails for three reasons: (1) he waived his right to collaterally attack his convictions in his plea agreement; (2) he failed to raise this claim either in the district court before his conviction became final or on appeal and, thus, procedurally defaulted it; and (3) in any event, his claim fails on the merits because he was properly indicted for and convicted of brandishing a firearm during and in relation to a Hobbs Act robbery, which is a crime of violence. The predicate offense for his § 924(c) conviction was the substantive Hobbs Act robbery charged in Count Four. And under controlling Eleventh Circuit law, substantive Hobbs Act robbery falls squarely under § 924(c)(3)(A)'s elements or use-of-force clause. *See In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (concluding that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause). The Eleventh Circuit has confirmed that this precedent is unaffected by *Davis*. *See In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (holding defendant was not entitled to relief under *Davis* because "the only predicates charged in Counts 6 and 14 were attempt to possess, and possession of,

3

cocaine or marijuana with intent to distribute, substantive Hobbs Act robbery, and carjacking, all of which are qualifying predicates without resort to § 924(c)(3)(B)'s now-void residual clause.)." Because the predicate for Mr. Welch's § 924(c) conviction was a Hobbs Act robbery charge, which qualifies as a crime of violence under § 924(c)(3)(A)'s elements or use-of-force clause, his conviction is unaffected by *Davis*. The Defendant's Motion to Vacate Sentence [Doc. 170] is DENIED.

SO ORDERED, this __6th__ day of March, 2023.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge